# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 24-1172
Filed January 7, 2026

―――――――――――

**State of Iowa,**
Plaintiff–Appellee,

v.

**Gary Lee Jensen,**
Defendant–Appellant.

―――――――――――

Appeal from the Iowa District Court for Hardin County,
The Honorable Kathryn E. Austin, Judge.

―――――――――――

**AFFIRMED**

―――――――――――

Jesse A. Macro Jr. of Macro Law, LLP, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

―――――――――――

Considered without oral argument
by Greer, P.J., Sandy, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

Gary Jensen appeals the sentence imposed on his conviction for eluding, an aggravated misdemeanor, in violation of Iowa Code section 321.279 (2023). After Jensen pled guilty,[1] the district court imposed a two-year sentence of incarceration. Jensen contends he should instead be granted a suspended sentence and placed on probation.

We review sentences for correction of errors at law. *See Damme*, 944 N.W.2d at 103. Because Jensen's sentence falls within the statutory limits, it is cloaked with a strong presumption in its favor. *See id.* at 105-06. We reverse only if the sentencing court abused its discretion or considered inappropriate matters. *See id.* at 106. The court abuses its discretion by resting a sentencing decision on grounds or reasons that are clearly untenable or to an extent that is clearly unreasonable. *See id.* Jensen bears the burden of showing that the sentencing court abused its discretion. *See State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

Jensen argues that sentencing him to incarceration is unreasonable, claiming that probation is better suited to the sentencing goals of protecting the community and offering the maximum opportunity for his rehabilitation. *See Damme*, 944 N.W.2d at 106 ("The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community."). He claims that the sentencing court placed too much weight on his criminal history, claiming it should not outweigh positive factors like a stable home, employment, and family support.

---

[1] The State concedes that Jensen has good cause to appeal because he is challenging his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

The sentencing court cited Jensen's age, his "considerable" criminal history, his offense, the danger he poses to the community, and the likelihood that he would not be successful if placed on probation. These were proper considerations. *See id.* ("A sentencing court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.'" (citation omitted)). Jensen's argument on appeal amounts to nothing more than "mere disagreement with the sentence imposed," which "without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016). Because Jensen has not met his burden of showing the sentencing court abused its discretion in imposing a sentence of incarceration, we affirm.

**AFFIRMED.**